IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                           Plaintiff,

          v.

ICE KELLY TRUMM, TIM HAINES,
HSU Supervisor MARY MILLER and
UNKNOWN MAINTENANCE DEPARTMENT
PERSONNEL,

                         Defendants.

OPINION and ORDER

11-cv-004-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Hakim Naseer, an inmate at the Wisconsin Secure Program Facility, is proceeding on claims that prison staff retaliated against him by putting hazardous chemicals in his cell's water supply and by refusing to investigate the problem. Plaintiff has filed a motion for preliminary injunctive relief, which the parties have now completed briefing.  In conjunction with their response, defendants ask the court to revoke plaintiff's in forma pauperis status.  Also, plaintiff has filed a motion to amend the complaint, a motion for an evidentiary hearing and motions for sanctions.

After considering the parties' submissions, I will grant plaintiff's motion to amend the complaint but deny all of the parties' other motions, including plaintiff's motion for preliminary injunctive relief.

1

## MOTION TO AMEND COMPLAINT

Plaintiff has filed a motion to amend his complaint to add Warden Huibregtse and institution complaint examiner Christine Beerkircher as defendants.  He has submitted a proposed amended complaint adding allegations against these defendants; he states that they rejected his complaints about his water supply.  Because plaintiff filed this motion before defendants filed their answer, he has the right to amend his complaint once as a matter of course.  Fed. R. Civ. P. 15(a)(1).  Accordingly, I will grant his motion to amend the complaint.  Plaintiff's amended complaint, dkt. #13, will be considered the operative pleading.

I must screen plaintiff's new allegations just as I screened the allegations in the original complaint.  28 U.S.C. § 1915(e)(2)(B).  Because plaintiff's allegations against defendants Huibregtse and Beerkircher are essentially the same as the claims I have already allowed plaintiff to proceed with against defendants Trumm, Haines and Miller, I will allow plaintiff leave to proceed with his new allegations.  However, because the new defendants have not yet been served with the amended complaint, I will not consider them as I discuss plaintiff's motion for preliminary injunctive relief below.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a motion for preliminary injunctive relief against defendants seeking transfer out of the Wisconsin Secure Program Facility pending investigation of his claims.  The parties have completed briefing the motion in accordance with the court's procedures.

2

For the sole purpose of deciding plaintiff's motion for a preliminary injunction, I find from the parties' proposed findings of fact and supporting materials that the following facts are material and undisputed.

## A. Undisputed Facts

Plaintiff Hakim Naseer is incarcerated at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin.  From August 27, 2010 to November 17, 2010, plaintiff was housed in cell 413 in the Alpha Range.  During this time, plaintiff believed that his water supply had been contaminated.

On October 16, 2010, plaintiff submitted a health services request to defendant Mary Miller, the Health Services Unit supervisor, stating that a prison official sprayed chemicals into his sink, causing his drinking water to "smell and taste like toxic waste."  Defendant Miller responded, stating that she told the grounds supervisor about his concerns.

On November 10, 2010, plaintiff submitted a health service request to Miller stating that the "maintenance man informed me that he contaminated my drinking water."  Miller responded by telling plaintiff that the maintenance director was informed of his complaint and that he should send any further information to the maintenance department.

Plaintiff filed an inmate grievance about contamination of his water supply that was rejected by defendant Kelly Trumm, an institution complaint examiner, on November 15, 2010.  Trumm concluded that the complaint was brought "solely to harass or cause malicious injury."  This ruling was affirmed by reviewing authority Tim Haines, a deputy warden.

On December 27, 2010, plaintiff submitted a health services request to Miller, asking her to take samples of his drinking water because someone was spraying chemicals into his drinking water and it made him "totally sick."  (It is unclear whether plaintiff was talking about cell 413 or his cell at the time, cell 410 on Alpha Range.)  Miller responded, stating that there were no chemicals sprayed "in his area" and that he should talk to Dr. Cox if he was sick.  Defendant Miller never took samples of plaintiff's drinking water.

Plaintiff submitted another inmate grievance some time in January 2011.  Trumm rejected the complaint, stating that it did not "raise a significant issue."

All cells at the Wisconsin Secure Program Facility are served by the same water supply.  The only maintenance performed on the plumbing affecting plaintiff's cell was on December 6, 2010, when Randy Kuykendall, the prison's plumber, cleaned the flush valves, and on January 12, 2011, when Kuykendall fixed the water controller for cells 409 and 410 (plaintiff was in cell 410 by this time).  No other inmates have submitted complaints about drinking water during the times relevant to the lawsuit.


B. Discussion

"[T]he granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it."  Roland Machinery Co. v. Dresser Industries, 749 F.2d 380, 389 (7th Cir. 1984).  The standard applied to determine whether a plaintiff is entitled to preliminary injunctive relief is well established:

A district court must consider four factors in deciding whether a preliminary injunction should be granted.  These factors are: 1) whether the plaintiff has

a reasonable likelihood of success on the merits; 2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; 3) whether the threatened injury to the plaintiff outweighs the threatened harm an injunction may inflict on defendant; and 4) whether the granting of a preliminary injunction will disserve the public interest.

Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989).  At the threshold, plaintiff must show some likelihood of success on the merits and the probability that irreparable harm will result if the requested relief is denied.  If plaintiff makes both showings, the court then moves on to balance the relative harms and public interest, considering all four factors under a "sliding scale" approach.  In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997).  Thus, to obtain a preliminary injunction, a movant must first prove that his claim has "at least some merit."  Digrugilliers v. Consolidated City of Indianapolis, 506 F.3d 612, 618 (7th Cir. 2007) (citing Cavel International, Inc. v. Madigan, 500 F.3d 544, 547 (7th Cir. 2007)).

In the court's February 10, 2011 order, I granted plaintiff leave to proceed on both Eighth Amendment conditions of confinement claims and First Amendment retaliation claims against (1) John Doe maintenance personnel for intentionally introducing hazardous chemicals into the water supply in his cell; (2) defendant Miller for refusing to look into the problem when plaintiff complained; and (3) defendants Trumm and Haines for rejecting his complaints.

I note that plaintiff has failed to sign his motion for preliminary injunctive relief and his proposed findings of fact.  The docket shows that the clerk of court returned these documents to plaintiff to sign, but that he never sent signed copies back.  Usually, "[a]n

unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Fed. R. Civ. P. 11(a). I will not strike these documents because even if they were properly signed, plaintiff's motion must be denied.

Plaintiff's motion is futile because he fails to show even a slight likelihood of success on the merits of his § 1983 claims. It is *plaintiff's burden* to put forth facts bolstering his claims. Chicago District Council of Carpenters Pension Fund v. K & I Construction, Inc., 270 F.3d 1060, 1064 (7th Cir. 2001) (preliminary injunction is "extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.") Plaintiff fails at this task.

First, regarding the conditions of confinement claims, plaintiff needed to show that "the conditions at issue were sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (internal quotations omitted). Curiously, plaintiff does not actually submit proposed findings of fact indicating what was wrong with his water beyond a conclusory statement that it was "contaminated," explaining what he saw maintenance personnel do to contaminate the water or explaining whether he suffered any health problems from the drinking water. The only materials plaintiff submits that describe what occurred in his cell are his health service requests. However, these documents are not admissible evidence because they are not sworn. Collins v. Seeman, 462 F.3d 757, 760 n.1 (7th Cir. 2006). Without evidence indicating the seriousness of the conditions in plaintiff's

6

cell, he fails to show a likelihood of success on these claims.

Regarding the retaliation claims, plaintiff needed to (1) show that he engaged in an activity protected by the First Amendment; (2) identify one or more retaliatory actions taken by defendants that would likely deter a person from engaging in the protected activity in the future; and (3) provide facts that would make it plausible to infer that plaintiff's protected activity was a motivating factor in defendant's decision to take retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009) (citing Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008).

Plaintiff fails to meet his burden as to the retaliation claims because he does not submit any evidence indicating what protected activity he engaged in that was the reason for defendants' retaliation. In short, *why* did maintenance staff contaminate his water and why were his complaints ignored and rejected?  Plaintiff does not explain. Because plaintiff fails to show what protected activities he took part in, he also fails to show how defendants' actions were motivated by that protected activity.

I note that plaintiff has filed a motion for a hearing on his preliminary injunction motion. I will deny that motion as moot because the undisputed facts presented by the parties leave no question that the motion should be denied. To the extent that plaintiff thinks he should be able to adduce additional evidence in support of his motion, he is mistaken. Any evidence that plaintiff wished to have the court consider should have been included in his materials in support of the motion.

In addition, defendants argue that plaintiff's in forma pauperis status should be

7

revoked, stating that there is a common water supply for all prisoners and thus "[i]t is literally impossible for only [plaintiff's] water to be contaminated." Dfts.' Br., dkt. #16, at 4. I will decline to revoke plaintiff's pauper status at this point. Plaintiff's failing was not providing enough evidence detailing what happened to him. It is not a situation in which the proposed findings of fact clearly contradict the allegations originally made by the plaintiff, which might constitute reason to revoke pauper status. To the extent defendants state that it is impossible to contaminate only plaintiff's water supply, they seem to take plaintiff's words too literally. I do not understand plaintiff to be saying that defendant Doe contaminated the "water supply" in the sense that Doe contaminated the source of water entering the prison. Rather, he seems to be saying that the Doe defendant contaminated it either in the cell itself or close to it. No matter how far-fetched that scenario may seem, I do not consider it "impossible" given the evidence on the record. Therefore I will deny defendants' motion to revoke plaintiff's pauper status.

Finally, although plaintiff's motion for preliminary injunctive relief will be denied, he remains free to file a renewed motion if he continues to be at risk from his drinking water. However, if he does so, he must present proposed findings of fact detailing exactly what happened to him, including the dates on which the events occurred and the parties responsible.

MOTIONS FOR SANCTIONS

8

Plaintiff has filed a number of submissions asking for sanctions against defendants. Dkt. ##8, 20, 22.  I will deny each of these motions.

First, plaintiff states that he has been denied legal loans to pay for courtesy copies of his filings for defendants.  This issue is moot because, as the court outlined in a February 25, 2011 memorandum, dkt. #11, plaintiff does not need to provide courtesy hard copies of his filings to defendants.  The Department of Justice has agreed to accept electronic service of plaintiff's filings after they are docketed by the clerk of court.

Next, plaintiff states that Randy Kuykendall, the prison's plumber, lied in his affidavit, which was presented by defendants in their preliminary injunction materials.  In particular, plaintiff points to events in March 2011, in which he explains how his drinking water continued to be tampered with or shut off altogether.  The court can, of course, sanction parties for presenting perjurious testimony.  ABF Freight Systems, Inc. v. National Labor Relations Board, 510 U.S. 317, 323 (1994) ("False testimony in a formal proceeding is intolerable.  We must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings.").  However, plaintiff provides almost no indication of how Kuykendall lied, so the motion will be denied.  If plaintiff believes that Kuykendall is lying, then he should file a new motion presenting his own evidence in support of his position and explaining how it affects the case.  To the extent plaintiff focuses on events occurring in March 2011, those events were not part of the parties' briefing on the motion for preliminary injunctive relief.  If plaintiff believes that more recent events show the need for a preliminary injunction, he should file a new motion, taking care to explain *in*

9

*detail* what occurred.

Finally, plaintiff states that someone at the prison destroyed water samples that he had collected to use as evidence in the case.  This court has the inherent power to sanction parties for misconduct such as spoliation of evidence.  <u>Schmude v. Sheahan</u>, 420 F.3d 645, 649-650 (7th Cir. 2005).  However, plaintiff again fails to provide details about what occurred, so his motion will be denied.  If plaintiff wishes to renew his motion, he will have to explain (1) the nature of the samples; (2) who destroyed the evidence and how it occurred; (3) how he believes it affects his case; and (4) what remedy he thinks is appropriate.


ORDER

IT IS ORDERED that

1.  Plaintiff Hakim Naseer's motion for leave to amend his complaint, dkt. #12, is GRANTED.  Plaintiff is now GRANTED leave to proceed Eighth Amendment conditions of confinement claims and First Amendment retaliation claims against defendants John Doe maintenance personnel, Mary Miller, Kelly Trumm, Tim Haines, Warden Huibregtse and Christine Beerkircher.  Copies of plaintiff's amended complaint and this order are being sent today to the Attorney General for service on the new state defendants.

2.  Plaintiff's motion for preliminary injunctive relief, dkt. #4, is DENIED.

3.  Plaintiff's motion for an evidentiary hearing, dkt. #22, is DENIED.

4.  Defendants' motion to revoke plaintiff's <u>in forma pauperis</u> status, dkt. #16, is DENIED.

5.  Plaintiff's motions for sanctions, dkt. ##8, 20 and 22, are DENIED.

Entered this 6th day of May, 2011.

                        BY THE COURT:
                        /s/
                        BARBARA B. CRABB
                        District Judge